**Theresa L. CHIEFFALLO–CRAIG,
Plaintiff–Appellant,**

v.

**RELIANCE STANDARD LIFE
INSURANCE, Defendant–
Appellee.**

No. 15–1469.

United States Court of Appeals,
Fourth Circuit.

Submitted: June 18, 2015.

Decided: June 22, 2015.

Theresa L. Chieffallo–Craig, Appellant Pro Se. Joshua Bachrach, Wilson Elser Moskowitz Edelman & Dicker LLP, Philadelphia, Pennsylvania, for Appellee.

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Theresa L. Chieffallo–Craig seeks to appeal the district court's order granting summary judgment to Defendant in her civil suit brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 (2012). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties in a civil action in which the United States is not a party are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R.App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R.App. P. 4(a)(5), or reopens the appeal period under Fed. R.App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell,* 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007).

The district court's order was entered on the docket on February 18, 2015. The notice of appeal was filed in the district court on April 24, 2015. Because Chieffallo–Craig failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period,* we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED.*

---

* Even if the untimely notice of appeal were construed as a motion for an extension of time to file her notice under Rule 4(a)(5), we conclude that such a motion could not be granted because Chieffallo–Craig filed her notice of appeal after the 30–day excusable neglect period expired. *See Dolan v. United States,* 560 U.S. 605, 610, 130 S.Ct. 2533, 177 L.Ed.2d 108 (2010) (stating that "expiration of a 'jurisdictional' deadline prevents the court from ... extend[ing] that deadline"). Moreover, because Chieffallo–Craig states that she received notice of the judgment two days after it was entered, Rule 4(a)(6) does not apply.